UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

OBE E. JOHNSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1272 (JAF)

**OPINION AND ORDER**

Petitioner Obe E. Johnson ("Johnson") comes before the court with a motion requesting an order on his petition under 28 U.S.C. § 2254 to set aside the criminal conviction and judgment entered against him by the Courts of the Commonwealth of Puerto Rico. (Docket Nos. 23, 35.) We deny his petition because it is time-barred and, therefore, we lack jurisdiction. We note that even if it were not time-barred, his petition would have been denied on the merits. Johnson's request for an order is now moot.

**I.**

**Background**

Johnson is a citizen of Liberia. He speaks English with a Liberian accent, and he does not speak or understand Spanish. (Docket No. 23 at 2-3.) He moved to Philadelphia, Pennsylvania, about twelve years ago, where he claims to have been on "permanent resident migratory status." (Docket No. 23 at 2.) In 2004, he founded a company there called Obe Professional Carpet Cleaning. Id. In January 2005, Johnson travelled to Puerto Rico, allegedly because he was doing business in nearby St. Thomas. Johnson alleges that he stayed at a hotel in Santurce, and that he frequented a nearby bar, where he met someone who spoke English. The fellow-English speaker allegedly

introduced Johnson to the bar owner, a Dominican man by the name of Eduviges Del Rosario ("Del Rosario"), who did not speak English. (Docket No. 23 at 2-3.) Johnson hired a prostitute and rented a room, both from the bar owner. (Docket No. 23 at 2.) Johnson alleges that he left his belongings in the room with the prostitute, and that when he returned, his friend who spoke English was not there. Johnson says that the bar owner asked about his English-speaking friend and asked Johnson to display the money in his pockets. Johnson says he complied and then returned to Philadelphia.

In February 2005, Johnson again stopped in Puerto Rico on his way to St. Thomas. Upon his arrival in Puerto Rico, he was arrested by the Commonwealth of Puerto Rico authorities and charged with armed robbery and violation of the weapons laws. The criminal complaint alleged that on February 5, 2005, Johnson robbed Del Rosario at gun point and took twenty-five thousand dollars in cash.[1] Johnson was unable to post bail, and Attorney Fabiola Acarón Porrata-Doria ("Acarón"), from the Legal Aid Society, was appointed to represent him. Prior to trial, Acarón filed a motion under Rule 240 of the Puerto Rico Rules of Criminal Procedure requesting a psychiatric evaluation of Johnson's mental capacity to commit the crime and/or to assist in his defense. Acarón did not use an interpreter during her interviews with Johnson. (Docket No. 23 at 3.)

Trial was held on June 13, 2005, before Commonwealth Judge Kalil Bacó-Viera, and Johnson was provided a Spanish/English interpreter. After questioning Johnson, the Court found him competent to stand trial. Johnson waived his right to trial by jury and a bench trial was held the same day. During the trial, Del Rosario and the investigating police officer testified. Johnson did not. The Court found Johnson guilty. On

---

[1] We note that the petition is contradictory regarding the exact amount. It says that the criminal complaint charged Johnson with taking "twenty five thousand dollars ($25,500.00) in cash." (Docket No. 23 at 3.)

September 15, 2005, Johnson was sentenced to thirty-five years imprisonment. He is currently incarcerated at the Ponce District Jail. (Docket No. 23 at 4.)

The Puerto Rico Court of Appeals confirmed Johnson's conviction and judgment on November 20, 2008. The Supreme Court of Puerto Rico denied Johnson's petition for certiorari on June 1, 2009. In both filings, Johnson challenged the court's denial of the motion under Rule 240, citing his inability to conduct a meaningful conversation with his attorney due to the language barrier. (Docket No. 23 at 4.) Johnson claimed in a separate pro-se appeal to the Puerto Rico Court of Appeals that he did not understand the interpreter provided at trial because the Judge spoke too quickly and the interpreter spoke too slowly and too low. (Docket No. 23 at 4.) The Puerto Rico Court of Appeals listened to the recording of the proceedings and found that there was an adequate translation of all the court proceedings, and that, therefore, there had been no constitutional violation of due process. (Docket No. 23 at 5.) Since that time, Johnson has filed numerous pro-se petitions to set aside the conviction as unconstitutional under Rule 192.1, claiming ineffective assistance of counsel. All these motions were denied on the merits by the Supreme Court of Puerto Rico on December 9, 2011. (Docket No. 23 at 5.) Meanwhile, Johnson filed similar pro-se petitions in federal court under 28 U.S.C. § 2254, all of which have been denied for lack of prosecution, failure to exhaust state remedies, and as successive petitions. Civil No. 09-1172 (CCC); Civil No. 09-1639 (JAF); Civil No. 10-1177 (JAF); Civil No. 12-1027 (SEC). Johnson also sought redress pro se against the state judge, the police officer, and/or the complainant under 42 U.S.C. § 1983 for malicious prosecution. Civil No. 09-1173 (JP): Civil No. 09-1638 (GAG); Civil No. 13-1271 (CCC). These petitions have been denied as collateral attacks to the sentence and as failures to state a claim. (Docket No. 23 at 5.)

On April 4, 2013, Johnson filed the instant action pro se against the Puerto Rico Administration of Corrections. (Docket No. 1.) On May 8, 2013, we appointed Attorney Irma Valldejuli ("Valldejuli") to represent Johnson. (Docket No. 9.) On December 10, 2013, Johnson – through Valldejuli -- filed an "amended complaint" under 28 U.S.C. § 2254 to set aside the criminal conviction and judgment entered against him by the courts of the Commonwealth of Puerto Rico. (Docket No. 23.) On April 23, 2014, Johnson filed a pro-se motion requesting an order on his § 2254 petition. (Docket No. 35.)

In his most recent petition, Johnson claims that he did not understand the criminal proceedings against him and that he was unable to effectively communicate with his attorney in order to assist in his own defense. (Docket No. 23 at 6.) Johnson claims that this inability to communicate was due to his strong foreign accent. (Docket No. 23 at 6.) He claims that trial under these circumstances violated his right to due process under the Constitution of the United States. (Docket No. 23 at 7.)

## II.

## Analysis

Federal courts may consider a claim under § 2254 on the ground that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). For the following reasons, we find that Johnson's petition is time-barred and that, even if it were not, the petition would be denied on the merits.

**A.    Jurisdiction**

Johnson is in custody, and he filed his § 2254 petition in the district court both for the district (1) in which he is incarcerated and (2) in which he was convicted and

sentenced. Either connection to this district would have sufficed. See 28 U.S.C. § 2241(c)(3) and (d).

**B.     Exhaustion**

To grant a writ under § 2254, it must appear that "(A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Exhaustion is not complete if petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," including the entire appellate process. 28 U.S.C. § 2254(c); See Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 302-03 (1984). In his filings to the highest state court, a habeas petitioner must have cited a specific federal constitutional or statutory provision. See Baldwin v. Reese, 541 U.S. 27, 32 (2004). Although exhaustion is necessary to grant the writ, it is not necessary to deny the writ. 28 U.S.C. § 2254(b)(2).

In this case, Johnson met the exhaustion requirements. He appealed his conviction and judgment all the way to the Supreme Court of Puerto Rico. (Docket No. 23 at 4.) He also filed petitions for habeas corpus and moved the court to set aside his conviction within the Commonwealth system. (Docket No. 23 at 5.)

**C.     Time Limitation**

Section 2254 petitions must be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was

>       initially recognized by the Supreme Court, if the right has
>       been newly recognized by the Supreme Court and made
>       retroactively applicable to cases on collateral review; or (D)
>       the date on which the factual predicate of the claim or claims
>       presented could have been discovered through the exercise of
>       due diligence.

28 U.S.C. § 2244(d)(1). This one-year limitation is tolled while a properly-filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, the statutory tolling does not include pending federal habeas petitions. Duncan v. Walker, 533 U.S. 167, 172 (2001).

In this case, Johnson's judgment became final when the Supreme Court of Puerto Rico denied his petition for certiorari on November 20, 2008. (Docket No. 23 at 4.) Johnson does not claim any impediment to his filing an application for review. Nor does he claim that his petition is based on a newly-recognized constitutional right. Nor does Johnson claim that he discovered new factual predicates for his claims. The statute of limitations was tolled, however, while he awaited pending state post-conviction relief. On December 9, 2011, the Supreme Court of Puerto Rico denied his motions for relief on the merits. (Docket No. 23 at 5.) Johnson had one year from that date to file his petition under § 2254, extending his timely filing date to December 9, 2012. He filed his first motion in the instant case on April 4, 2013. (Docket No. 1.) Therefore, his petition is time-barred and we lack jurisdiction.

**D.    Claim**

Because Johnson only missed his filing deadline by several months, we note that we still reviewed his case with care. Even if Johnson had not missed the filing deadline, we would have been required to deny his petition.

A writ of habeas corpus cannot be granted if the claim was adjudicated on the merits in state court proceedings unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A "determination of a factual issue made by a State court shall be presumed to be correct," unless petitioner can rebut the presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e).

The Supreme Court of Puerto Rico ruled twice – both in a traditional appeal and in collateral proceedings -- on Johnson's claims that he was unable to assist in his defense due to a language barrier and that his conviction was unconstitutional due to allegedly ineffective assistance of counsel. (Docket No. 23 at 4-5.) Given the deference we afford state court judgments, Johnson has failed to provide clear and convincing evidence that the Commonwealth court handed down a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or which "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." See 28 U.S.C. § 2254(d)-(e). Therefore, Johnson's petition would have been denied even if it were timely.

### III.

### **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing Section 2254 Cases, whenever issuing a denial of 2254 relief, we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing

Case 3:13-cv-01272-JAF   Document 36   Filed 05/19/14   Page 8 of 8

Civil No. 13-1272 (JAF)                                                                                               -8-

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Johnson has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Johnson may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## IV.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Johnson's § 2254 petition (Docket No. 23). His motion for an order (Docket No. 35) is now **MOOT**. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2254 relief from this court. According to Rule 8 of the Rules Governing § 2254 Cases, an evidentiary hearing is only held if the petition is not dismissed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of May, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE